UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM ANTHONY MAYES        ]
    Petitioner,             ]
                             ]
v.                           ]     No. 3:12-0117
                             ]     Judge Nixon
UNITED STATES OF AMERICA     ]
    Respondent.             ]

## M E M O R A N D U M

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

### I. Background

On July 30, 2009, the petitioner pled guilty to being a convicted felon in possession of a firearm. <u>United States of America v. William Anthony Mayes</u>, Criminal Action No.3:09-00004-1 (M.D. Tenn.), Docket Entry No.34. For this crime, he received a sentence of one hundred (100) months in prison, to be followed by three years of supervised release. *Id.*, Docket Entry No.52. The judgment and sentence were affirmed on appeal. *Id.*, Docket Entry No.57.

In July, 2012, the Court denied petitioner's motions for a sentence reduction. *Id.*, Docket Entry No.71. That ruling was

1

affirmed on appeal. *Id.*, Docket Entry No.73.

## II. Procedural History

On January 27, 2012, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking the length of his sentence. In the motion, the petitioner claims that

    1)    counsel was ineffective during sentencing because
- a) he failed to challenge a four level enhancement for possession of a firearm in furtherance of a drug related crime;
- b) he neglected to object to a two level enhancement for possessing a stolen firearm when the petitioner had no actual knowledge that the firearm had been stolen;
- c) he failed to seek a downward departure due to harsh conditions of his confinement at the Robertson County Jail;
- d) he did not seek a downward departure for acceptance of responsibility;
- e) he failed to "inform the Court that his client experienced an unnecessary delay in the indictment process";

    2)    petitioner's sentence was improperly enhanced on the basis of false evidence, i.e., prior convictions used to enhance had never been "adjudicated"; and

    3)    counsel was ineffective during the appeals process because he failed to challenge the enhancement of petitioner's sentence for possession of a stolen firearm and possession of a firearm in furtherance of a drug offense.[1]

Upon preliminary review of petitioner's motion, the Court

---

[1] During both sentencing and the appeals process, the petitioner was represented by Craig Fickling, a member of the Putnam County Bar.

2

determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered February 1, 2012, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court is the government's Response (Docket Entry No.18) to the § 2255 motion, to which the petitioner has offered no reply.

Having carefully considered the petitioner's motion, the government's Response, and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. See Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

**A.) Ineffective Assistance of Counsel**

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency.

3

Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at pg.694. When considering a claim of ineffective assistance, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner first claims that his attorney was ineffective for not challenging a four level enhancement for possession of a firearm in furtherance of a drug related crime (Claim No.1a).

When the petitioner pled guilty, he acknowledged having possession of a .32 caliber pistol as well as two baggies containing 5.9 grams of crack cocaine at the time of his arrest. Criminal Action No.3-09-00004-1; Docket Entry No.34 at pg.6. The petitioner does not dispute that he was a convicted felon in possession of a firearm. He does, however, assert that he was not armed in furtherance of a drug related crime because the crack cocaine was simply "a small quantity for personal use". Docket Entry No.1 at pg.5.

On appeal from the denial of petitioner's motions for a reduced sentence, the Sixth Circuit Court of Appeals determined that the four level enhancement for possession of a firearm in furtherance of a drug related crime was appropriate under the

4

circumstances. Criminal Action No.3:09-00004-1; Docket Entry No.73 at pgs.2-3. In light of this determination, it can not be said that counsel was deficient for failing to challenge the four level enhancement of petitioner's sentence. Thus, counsel was not ineffective in this regard.

The petitioner next alleges that counsel was ineffective for neglecting to question a two level enhancement for possessing a stolen firearm when the petitioner had no actual knowledge that the firearm had been stolen (Claim No.1b). However, the two level enhancement was applicable regardless of whether the petitioner knew or did not know that the firearm he possessed had been stolen. United States v. Moore, 372 Fed.Appx. 576,577 (6th Cir.2010). Therefore, this claim has no merit.

It is also asserted that counsel was ineffective for failing to seek a downward departure 1) due to harsh conditions of petitioner's pre-trial confinement at the Robertson County Jail (Claim NO.1c), 2) due to petitioner's acceptance of responsibility (Claim No.1d), and 3) due to the delay petitioner experienced in the indictment process (Claim No.1e).

A review of the petitioner's sentencing hearing shows that counsel did bring each of these issues to the Court's attention in an effort to obtain the shortest sentence possible for the petitioner. Criminal Action No.3:09-00004-1; Docket Entry No.56 at pgs.4-10. Moreover, the petitioner was allowed an opportunity to

raise these issues himself at the hearing. *Id.* at pgs.18-24. Consequently, counsel was not ineffective in this regard.

Finally, the petitioner contends that counsel was ineffective during the appeals process for failing to challenge the enhancement of his sentence for possession of a stolen firearm and for possession of a firearm in furtherance of a drug related crime (Claim No.3).

The appeals court has had two opportunities to review the petitioner's sentence and on each occasion has found nothing that would bring his sentence into question. Moreover, the petitioner has failed to demonstrate in what way raising these claims on appeal would have resulted in a reduced sentence. Effective representation does not require counsel to raise every conceivable issue on appeal. Lilly v. Gilmore, 988 F.2d 783 (7th Cir.), *cert. denied*, 510 U.S. 852 (1993). As a consequence, the petitioner has failed to establish that appellate counsel was ineffective.

## B.) Improperly Enhanced Sentence

The petitioner's remaining claim is that his sentence was improperly enhanced on the basis of false evidence, i.e., prior convictions used to enhance had never been "adjudicated" (Claim No.2).

On direct appeal, the petitioner challenged the reasonableness of his sentence. He did not question the enhancement of his sentence even though he had an opportunity to do so at that time.

6

An issue that has been waived on direct appeal may not be considered in a § 2255 motion unless the petitioner can show cause for the failure to raise it and actual prejudice resulting from the alleged error. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The petitioner has shown no reason why this particular claim could not have been raised on direct appeal. Consequently, in the absence of a showing of cause and prejudice, this claim is not actionable.

## IV. Conclusion

Having carefully considered the § 2255 motion, the government's Response to the motion, and the expanded record, the Court finds that the petitioner was not denied his Sixth Amendment right to the effective assistance of counsel. Nor did he properly raise the enhancement of his sentence on direct appeal. Therefore, the § 2255 motion to vacate, set aside or correct sentence has no merit and will be denied.

An appropriate order will be entered.

_____
John T. Nixon
Senior District Judge